# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cr-00059-01-SRB |
| | ) | |
| JUSTIN REGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is what is construed as Defendant Justin Regan's *pro se* Motion for Compassionate Release. (Doc. #55.) Upon review of the record, Defendant's motion is DENIED.

On August 7, 2012, Defendant pled guilty to Counts 5 and 6 of an Indictment. Those counts charged Defendant with possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On January 24, 2013, the Court sentenced Defendant to a total term of imprisonment of 147 months. On August 28, 2017, the Court reduced Defendant's term of imprisonment to 138 months. According to the Government, Defendant's current date of release is July 29, 2022.

On September 10, 2020, the Warden at Fort Worth Medical Center in Fort Worth, Texas, denied Defendant's request for a compassionate release. Defendant then filed the pending motion on October 5, 2020. Defendant moves for a compassionate release in light of health concerns regarding COVID-19. Specifically, Defendant states that his asthma and prior COVID-19 infection places him at a high risk of severe illness. Defendant also notes that he is "within two years of

release" from his term of imprisonment. (Doc. #55, p. 3.) In response, the Government contends that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, and assuming Defendant has fully exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce his sentence. The Government states that Defendant's medical records indicate his asthma is "mild intermittent and not moderate-to-severe as required by the CDC's" list of risk factors. (Doc. #57, p. 8.) In addition, the record does not show that any medical condition prevents Defendant from providing self-care or from performing

2

daily living activities. With respect to Defendant's prior COVID-19 diagnosis, the Government states that Defendant recovered and was discharged from isolation on May 27, 2020.

Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age (32) and apparent health condition do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. Defendant has also not established that the § 3553(a) factors support a release. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's request for a compassionate release is therefore denied.

Accordingly, it is ORDERED that Defendant Justin Regan's *pro se* Motion for Compassionate Release (Doc. #55) is DENIED. Defendant's request for the appointment of counsel is also denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: December 1, 2020